## In Re Anonymous No. 25 D.B. 83

Disciplinary Docket Board No. 25 D.B. 83.

CURRAN, Member, April 12, 1984—Pursuant to the Pennsylvania Rule of Disciplinary Enforcement 208(d), the Disciplinary Board of the Supreme Court of Pennsylvania (board) submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

The Office of Disciplinary Counsel filed a petition for discipline against [      ], respondent, on May 13, 1983. The petition detailed eight instances in which it alleges conduct in violation of Disciplinary Rule 6-101(a)(3) — dealing with conduct involving neglect of a legal matter entrusted to a lawyer. Respondent failed to make an answer within the precribed period of time. On June 8, 1983, the matter was referred to hearing committee [      ] consisting of [      ]. The opinion of the hearing committee [      ] was filed on January 9, 1984. The hearing committee

determined that each of the eight infractions with which respondent had been charged constituted continued, similar and repetitive instances evidencing a careless attitude toward the professional responsibilities owed to his clients and that respondent's conduct in the matters comprising the eight charges constituted neglect. The committee recommended that respondent be suspended from the practice of law for a period of six months.

## II. STATEMENT OF FACTS

[      ], respondent, was admitted to the practice of law on October 21, 1974. He maintains a principal office in the [      ] Building in [      ], Pa. He conducted a state-wide practice which specialized in serving individuals seeking a low-cost divorce under the Pennsylvania divorce code. Respondent attracted clients by utilizing the print media to advertise his services and low fixed rates on a state-wide basis. His clients resided throughout the Commonwealth. He employed form letters and standardized forms to conduct his business. He employed a number of secretaries to handle the paper work, and restricted personal contact with his clients to an absolute minimum. Respondent served a large number of clients and charged them a low rate for his services.

However, the high-volume, low-cost approach adopted by respondent did not permit him to devote the time and attention necessary to solve any extraordinary or unusual problems which arose in the course of the cases he was handling. Respondent would begin approximately 100 new cases per week and generally had about 1,000 open cases. This heavy volume of work and the slender resources of respondent's office did not permit him to vary his

procedure to meet the exigencies of those cases which diverged from the procedural routine anticipated by his standardized practice.

Each of the eight instances giving rise to the disciplinary charges against respondent are virtually identical. The individuals involved are as follows: (a) [A] of [    ] County, Pa.; (b) [B] of [    ], Pa; (c) [C] of [    ] County, Pa.; (d) [D] of [    ] County, Pa.; (e) [E] of [    ] County, Pa.; (f) [F] of [    ] County, Pa.; (g) [G] of [    ] County, Pa.; and (h) [H] of [    ] County, Pa.

In each instance, respondent was unsuccessful in his attempt to serve a divorce complaint upon the defendant's spouse. He then asked the client to pay an additional charge such as (a) $50 to perform a diligent search; and (b) $25 to obtain a special order of court. In each instance, respondent did nothing further to secure service on the client's spouse.

In each instance, respondent failed to respond to attempts by the client to communicate with him in order to determine the status of the case respondent was handling.

In each instance, respondent failed either to secure the divorce sought by the client, to account for his failure, or to return any money to the client.

In each instance, the client suffered injury, whether that injury arose from the mere fact of the delay or the necessity to retain other counsel. In one instance, a client became the father of a child born out of wedlock while the client awaited word on the status of his divorce.

## III. DISCUSSION

The board agrees with the hearing committee that the respondent has violated Disciplinary Rule 6-101(A)(3) — dealing with conduct involving neglect of a legal matter entrusted to a lawyer.

From the record, it is clear that respondent consciously determined to orient his practice to serve a large number of clients at the lowest possible cost. There is nothing wrong with such an approach to the practice of law. What is wrong, however, is the respondent's determination that in order to achieve his objective, it was proper for him to neglect the affairs of those clients who cases did not follow the regular, expected pattern for which he had prepared with forms and systematized office routine.

It is quite clear from the record that respondent intentionally neglected the affairs of the eight clients whose matters he is charged with having neglected. Moreover, no where does respondent express or evince the least regret for having so neglected the affairs of the eight client complainants nor does he acknowledge any culpability for his neglect.

As shocking as is the respondent's conduct in the eight instances cited above, his previous disciplinary record is equally shocking and appalling.

Respondent has been the subject of nineteen (19) prior informal admonitions. Categorizing these various disciplinary infractions, there are two cases involving Disciplinary Rule 1-102(A)(6), where [respondent's] conduct was shown to adversely reflect upon his fitness to practice law. One violation of Disciplinary Rule 2-101(A) involved intentionally misleading advertising. One case involved failure to promptly refund unearned fees upon discharge or withdrawal.

Of the 18 cases involving neglect, six were found to involve similar factual history as in the eight charges in this petition for discipline. That is, substituted service was necessary, diligent search and special order had to be obtained and respondent completely failed to deviate from his standardized

procedure to deal with the individual problems of these cases.

Currently respondent is under prosecution for harassment by communication. This charge arose from the allegations of Attorney [I] in [    ] County, who operated a high-volume, low-cost service which respondent considered to be in direct competition with his own. Attorney [I] has charged that respondent harassed and consistently called him without reason. The District Attorney of [    ] County charged that "on or about November 15, 1981 through February, 'no date,' 1982 in said County of [    ], [respondent], did, with the intent to, harass the affiant, [I], Esq. and his employees, did make numerous telephone calls without intent of any legitimate communication in which he addressed [I], Esq. and his employees with lewd, lascivious or indecent words or language and made repeated communications at extremely inconvenient hours in offensively coarse language with said calls being made to the affiant's office located at [    ], Pennsylvania.

The case, at the time of the testimony given to the Hearing Committee, was unresolved so that the board noted it without drawing any inference from the fact of its institution.

The board determined its recommendation in view of the serious nature of respondent's infractions in the eight instances which comprise this disciplinary action. The board considered these eight charges to be the more serious because of two factors: that they constitute a consistent and deliberate pattern of negligence and because of the respondent's deplorable disciplinary record, which seems not to have impressed upon him the necessity of observation of the disciplinary rules.

## IV. RECOMMENDATION

The Disciplinary Board recommends to your honorable court that respondent, [      ], be suspended from the practice of law for a period of one year and that the Court direct that all necessary expenses incurred by this Board in the investigation and processing of the petition for discipline be borne by and paid for by said respondent. (A statement of such expenses is appended to the report.)

Mrs. Hammerman, Mr. Krawitz and Mrs. Neuman did not participate in the adjudication.

## ORDER

NIX, *C.J.*, And now, this May 21, 1984, upon consideration of the Recommendation of the Disciplinary Board dated April 12, 1984, it is hereby Ordered that [respondent] be and he is suspended from the Bar of the Commonwealth for a period of six months, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

Mr. Justice Zappala did not participate in this matter.